

ORIGINAL




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE LOCAL 805 PENSION
AND RETIREMENT FUND,

                          Plaintiff,

           - against -

AMSTERDAM TOBACCO, INC. and 1614
AMSTERDAM, LLC,

                        Defendants.

23 Civ. 732 (LLS)

DEFAULT JUDGMENT

    On January 27, 2023, plaintiff Trustees of the Local 805 Pension and Retirement Fund (the "Trustees") filed this action against defendants Amsterdam Tobacco, Inc. ("Amsterdam") and 1614 Amsterdam LLC ("1614 LLC") claiming withdrawal liability under 29 U.S.C. § 1451(a)(1) of the Employee Retirement Income Security Act of 1974. On January 30, 2023, Amsterdam and 1614 LLC were served. Neither Amsterdam nor 1614 LLC responded to the Complaint or entered an appearance in the case. On February 23, 2023, the Trustees sought and received the Clerk's Certificate of Default. On January 3, 2024, the Trustees moved for default judgment and filed a certificate of service of the proposed default judgment, declaration in support of the default judgment, and the statement of damages. Neither Amsterdam nor 1614 LLC responded.

    The Motion for Default Judgment is granted. The Trustees have alleged facts[1] sufficient to establish liability on its claim for withdrawal liability. See Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Zaro Bake Shop, Inc., 2021 WL 2350094, at *3-4 (S.D.N.Y. June 8, 2021).

    As a result, the Court "shall award" statutory damages for the Trustees. 29 U.S.C. § 1132(g)(2)(c). However, the Trustees must provide sufficient evidence of its requested damages. Gesualdi v. Seacost Petroleum Prod., Inc., 97 F. Supp. 3d 87, 101 (E.D.N.Y. 2015).

---

[1] Those facts are deemed admitted following Amsterdam and 1614 LLC's default, City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128, 137 (2d Cir. 2011).

Having found favor of the Trustees, the Court awards damages under 29 U.S.C. § 1132(g)(2) for

(A) The unpaid contributions,[2] in the amount of $758,840.00;
(B) Interest on the unpaid contributions, in the amount of $164,583.56; and
(C) An amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages[3] provided for under the plan in amount not in excess of 20 percent of the unpaid contributions

for a total of $1,088,007.12.

The Clerk of the Court is respectfully directed to enter judgment and close the case.

So ordered.

Dated: New York, New York
       March 25, 2024

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J

---

[2] 29 U.S.C. §1451(b) provides that the amount of unpaid contributions is equal to the withdrawal liability. <u>Gesualdi</u>, 97 F. Supp. 3d at 101.

[3] The Trustees claim $151,768.00 in liquidated damages. Since that is less than the accrued interest, $164,583.56, the amount of interest, is used again under (c)(i).